SAVOY, Judge.
Plaintiffs have appealed from an adverse judgment rendered against them in the district court.
This is an action in tort arising out of an automobile accident which occurred in the early morning hours on February 2, 1958, in the City of Leesville, Louisiana, at the intersection of Union Street and Fifth Street; Fifth Street being a portion of U. S. Highway 171.
The accident occurred when an automobile owned by Bass Motor Co., Inc. and operated by its employee, J. Nat Stringer, proceeding in a southerly direction on U. S. Highway 171, collided with an automobile owned and operated by Murdock Hinnant and which was proceeding in an easterly direction on Union Street. Highway 171 is the favored thoroughfare, there being Stop signs on Union Street.
At the time of the collision Addie Johnson was a passenger in the Hinnant vehicle. She died several days after the accident as a result of injuries she sustained therein.
The Hinnant car was insured by Highway Insurance Underwriters. Bass Motor Co., Inc. carried liability insurance with Employers Liability Assurance Corporation, Ltd. The insurer of the Hinnant car became bankrupt during the litigation and is not before the Court on this appeal.
The natural brothers and sisters of Addie Johnson filed suit against Hinnant, Stringer and the above named insurance companies.
Defendant, Employers, denied that plaintiffs were the legitimate brothers and sisters of the decedent; denied that Stringer was negligent; and, alternatively, pled contributory negligence.
On the first hearing the district court found that plaintiffs were not the legitimate heirs of the decedent, Addie Johnson, and dismissed their suit.
On an application by plaintiffs the court re-opened the case and found plaintiffs to *781 be the legitimate heirs of decedent, but dismissed plaintiffs’ case on the merits, holding that the cause in fact of the accident was the negligence of Murdock Hin-nant in not observing and stopping at the Stop sign.
Counsel for plaintiffs argues that the sole cause of the accident was the excessive speed of the automobile driven by Stringer.
The evidence reveals that in the early morning hours of February 2, 1958, Stringer, accompanied by Mrs. Sylvia K. Allison, was driving a 1955 Jaguar convertible automobile in a southerly direction on Fifth Street in the City of Leesville (which is also a part of U. S. Highway 171); and Murdock Hinnant, accompanied by Addie Johnson, Willie Williams, Baxter Gass, and Charles McNeal, was driving a 1951 Lincoln in an easterly direction on Union Street in Leesville, Louisiana. An accident occurred between the above-mentioned cars at the intersection of Fifth and Union Streets. Fifth is the favored street.
At the trial of the case Williams testified that when he first saw the lights of the Jaguar, it had not passed the overpass which is north of the scene of the accident. He did not say where the Lincoln was with relation to the intersection in question. On cross-examination he admitted having visited a night club prior to the accident and having several drinks at said establishment.
The trial judge did not consider the testimony of Flemming Harvey, witness for plaintiff, since he did not see the accident.
Two State Troopers testified, namely, Officers Stevens and Williams. Because of the 63-feet long skid marks left by the Jaguar vehicle, they estimated the speed of the Stringer car at 50 miles per hour.
Gass’ testimony, in essence, is that he never saw the Stringer car.
Mrs. Allison testified for defendant and stated that in her opinion Stringer was traveling about 30 to 35 miles per hour.
In view of the conflicting testimony, we-are of the opinion that the trial judge did not commit reversible error in finding that the sole cause of the accident was the failure of Hinnant to yield the right-of-way to Stringer on a highly travelled State highway.
Having concluded as we have, it is not necessary to determine the other legal problem in this case, namely, that of legitimacy.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.